UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CANO,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI HERLONG,<br><br>  Respondent. | No. 2:23-cv-2216 TLN CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former federal prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed this action, petitioner was a federal prisoner housed at FCI-Herlong but has since been transferred to Residential Reentry Center ("RRC") placement with Volunteers of America in Texas. Respondent's fully briefed motion to dismiss and petitioner's motion to convert this action into a civil rights action are before the Court.

As discussed below, respondent's motion to dismiss should be granted, and petitioner's motion to convert this action into a civil rights action should be denied.

I.   BACKGROUND

A jury found petitioner guilty of one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (count 1), and one count of possession with intent to distribute more than 5 kilograms of cocaine and aiding and abetting (count 2). Am. Pet. at 2

(ECF No. 10.) Petitioner was sentenced to life in prison on each count, to run concurrently, and a five year term of supervised release. United States v. Cano, Case No. 1:06-CR-0007 (N.D. Tex. May 2, 2006);[1] Respondent's Appendix ("App.") at 9-12[2] (ECF No. 18-1).

Petitioner filed an appeal. The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed the conviction but vacated the sentence and remanded for re-sentencing after a Faretta hearing.[3] United States v. Cano, 519 F.3d 512 (5th Cir. 2008) (App. at 14-20).

After petitioner was granted the right to proceed pro se at re-sentencing, probation prepared a new presentence report. Pet'r's Request Judicial Notice ("RJN") at 15 (ECF No. 20). On April 18, 2008, the government objected to probation's classification of petitioner as a career offender and argued that petitioner's corrected total offense level should be 34 and criminal history category V, resulting in a sentencing guidelines range of 235 to 293 months. Id. at 18. On June 6, 2008, the trial court sentenced petitioner to a federal prison term of 262 months as to Count 1; 262 months as to Count 2 with the terms of imprisonment to run concurrently; and imposed a five year term of supervised release. United States v. Cano, Case No. 1:06-CR-0007 (App. at 22-25).

On March 30, 2009, petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was assigned a civil case number, Cano v. United States, Case No. 1:09-cv-0051 (App. at 57 (ECF No. 137)). The sentencing court denied the motion on December 12, 2011. Cano v. United States, Case No. 1:09-cv-0051. Petitioner filed an appeal; on August 6, 2012, the Fifth Circuit found that petitioner failed to make a substantial showing that a

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] Respondent's Appendix (ECF No. 18-1) contains Bates numbering, and all citations to the Appendix refer to the Bates stamped numbers rather than to the Court's ECF page numbers. Where the citation to the Appendix includes a reference to an ECF number, the ECF number reflects the docket number in petitioner's criminal Case No. 1:06-CR-0007.

[3] Pursuant to Faretta v. California, 422 U.S. 806, 815-21 (1975), defendants have a constitutional right to represent themselves in federal court.

2

constitutional right had been denied and denied petitioner's motion for a certificate of appealability. United States v. Cano, Case No. 12-10098 (5th Cir. 2012). Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 7, 2013. Cano v. United States, Case No. 12-10506 (2013).

On September 29, 2014, the Fifth Circuit denied petitioner's motion to consider a successive 28 U.S.C. § 2255 motion, finding that Alleyne v. United States, 570 U.S. 99 (2013), was not made retroactively applicable to cases on collateral review. In re: Benjamin Lucero Cano, Case No. 14-10696 (5th Cir. 2014) (citing In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013)) (App. at 59 (ECF No. 153)).

On June 9, 2016, petitioner filed his first motion for sentence reduction under 18 U.S.C. § 3582(c)(2)[4] based on the 2014 Drug Sentencing Guidelines Amendment (Amendment 782 to the U.S. Sentencing Guidelines) (hereafter "Amendment 782").[5] United States v. Cano, Case No. 1:06-cr-0007 (App. at 59 (ECF Nos. 155, 156)). In the government's October 4, 2016 response, the government agreed with probation's finding that petitioner was eligible for a sentence reduction but opposed a full reduction of petitioner's sentence based on the following reasons:

> Criminal History - At the time of his original sentencing, the defendant was a Criminal History Category VI under the sentencing

---

[4] "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

[5] "In 2014, Congress approved Amendment 782 to the Sentencing Guidelines, which retroactively amended the Drug Quantity Table, U.S.S.G. § 2D1.1(c), thereby reducing by two levels the offense levels assigned to specified quantities of drugs." United States v. Wilson, 8 F.4th 970, 973 (9th Cir. 2021). Amendment 782 provisions were "made retroactive by Amendment 788[.]" United States v. Bright, 2022 WL 717881, at *1 (S.D.N.Y. Mar. 10, 2022), reconsideration denied, 2022 WL 2716477 (S.D.N.Y. July 13, 2022), aff'd, 2023 WL 3830783 (2d Cir. June 6, 2023), aff'd, 2023 WL 3830783 (2d Cir. June 6, 2023); see also United States v. Flores, 2019 WL 7494942, at *1 (D. Minn. June 27, 2019) ("Amendment 782 to the United States Sentencing Guidelines reduced most drug quantity base offense levels under § 2D1.1, while Amendment 788 to the United States Sentencing Guidelines made Amendment 782 retroactively applicable to defendants already sentenced.").

> guidelines. His convictions included five Robberies, three Failures to Appear, seven Thefts, an Assault with a Deadly Weapon, Battery, Burglary, and others.
>
> Offense Conduct - The defendant was convicted by a jury of Possession with Intent to Distribute Cocaine. He had been stopped by law enforcement for a traffic violation and 40 kilogram bricks of cocaine were found in his vehicle.
>
> Post-sentencing Conduct - The defendant is incarcerated at a maximum security facility of the Bureau of Prisons. He has at least six disciplinary matters on his record, including two for Possession of a Dangerous Weapon.

Id. (ECF No. 160). On November 3, 2016, the sentencing court denied petitioner's first motion for sentence reduction, noting petitioner's

> motion was brought under § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guidelines sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

Id. (ECF No. 162). The sentencing court added the following comments:

> The defendant received a sentence of 262 months on each of counts 1 and 2 to run concurrently. The sentence was fair in light of the factors in Title 18, United States Code, Section 3553(a), including his criminal history, offense conduct or relevant conduct, and the post-sentencing conduct. Therefore, the defendant shall not be granted a further reduction in his sentence.

Id. Petitioner filed an appeal, and on June 29, 2017, the Fifth Circuit denied petitioner's motion for leave to proceed in forma pauperis and dismissed the appeal as frivolous. United States v. Cano, Case No. 16-11656 (App. at 60 (ECF No. 171)).

On December 18, 2018, petitioner filed a second motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Id. (App. at 61 (ECF No. 172)). On February 6, 2019, the sentencing court denied the second motion, finding that petitioner failed to demonstrate he was entitled to reconsideration of the prior orders by the sentencing court or the Fifth Circuit. Id. (ECF No. 173).

On June 7, 2021, petitioner filed a third motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Id. (ECF No. 174). The sentencing court denied the third motion on June 9, 2021,

for the reasons stated in the February 6, 2019 order. Id. (App. at 61 (ECF No. 175)).

On February 11, 2022, petitioner filed a fourth motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). Id. (ECF No. 176). On February 15, 2022, the sentencing court denied petitioner's fourth motion for the reasons stated in the court's prior orders and noted that "[t]he decision whether to reduce [a] sentence is in the sound discretion of the district judge." Id. (quoting United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995) (ECF No. 177)). Petitioner filed an appeal. On October 19, 2022, the Fifth Circuit found that petitioner "failed to show that he has a nonfrivolous argument that the district court abused is discretion in denying his § 3582(c)(2) motion," and dismissed the appeal as frivolous. United States v. Cano, Case No. 22-10242 (5th Cir. 2022) (App. at 62 (ECF No. 186)).

On January 23, 2023, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. Cano v. J. Doerer, 2023 WL 8870550 (App. at 71). On February 15, 2023, petitioner was ordered to show cause why the case should not be dismissed for lack of jurisdiction. Id. (App. at 64-70). On May 12, 2023, the Central District judge found that petitioner's § 2241 petition was a "disguised" motion under 28 U.S.C. § 2255 and dismissed the action for lack of jurisdiction. Id. (App. at 71-81).

On May 8, 2024, the BOP awarded petitioner 365 days First Step Act ("FSA") time credits toward early transfer to supervised release. (App. at 5, 8.) In addition, the BOP found petitioner earned an additional 95 days of FSA time credits that can be applied toward community placement. (Id. at 5, 9.)

On July 9, 2024, petitioner signed a notice of change of address advising he was scheduled for transfer to RRC placement on July 10, 2024. Pet'r's Notice ("Ntc.") (ECF No. 24.)

II.   MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.[6] The

---

[6] Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion. See, id., Rule 1; Fed. R. Civ. P. 81(a)(4).

Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

### A. Current Operative Pleading and Pending Motions

On January 8, 2024, petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Am. Pet. (ECF No. 10). Petitioner raised two grounds for relief. First, "the BOP and this administration have denied the application of accrued program days towards the transfer into prerelease custody or to begin the term of supervised release imposed by the sentencing court." Id. at 4. Second, "the BOP failed to consider 1B1.10 as a policy statement and amendments 782; 788, as retroactively applicable to comply with the statutory requisite that the remainder of prisoner[']s imposed term of imprisonment be computed under applicable law." Id. at 6. In conclusion, petitioner acknowledged that there is no longer any reason to resolve the residential drug abuse program ("RDAP") issues noted in his amended petition, and stated that in amending his petition, the only claim he makes is a claim related to his FSA earned time credits and the BOP's refusal to apply them so he could gain early supervised release. Id. at 8.

As relief, petitioner specifically sought the following:

> Where the BOP has petitioner['s] current projected release date of July 4, 2026, "via good time" and an "RRC date of Oct. 1, 2025," denying FTC application (warden's e-mail dated 12/21/2023, Ex. C): petitioner requests that this Court direct the BOP to adjudicate petitioner's release date considering application of Amendment 782/ Policy statement 1B1.10; Applicability of accrued credits; and transfer to being supervised release.

Id. at 10. In the motion appended to his amended petition,[7] petitioner explained that in ground two, he claimed the BOP removed its ability to conduct the individualized application of factor

---

[7] In addition to exhibits (ECF No. 10 at 11-26), petitioner appended a document styled, "Motion to Expedite Amended Petition for Habeas Corpus (id. at 28-34) to his amended petition. Such motion is denied as moot in light of petitioner's subsequent release to RCC placement.

6

five, for the sole purpose of reviewing U.S.S.G. § 1B1.10(b)(1) as the policy statement and introduction of Amendment 782, to ensure petitioner spent a portion of the final twelve months of imprisonment in an RCC. Id. at 31. Petitioner reiterated his failed efforts to have his sentence reduced in the sentencing court, and explained that he now seeks an order requiring the "BOP to recognize the applicability of 1B1.10 as the policy statement referenced in 18 U.S.C. 3621(b), to enforce the 'Drug Minus Two' retroactive amendment to include the modification provisions set forth in section 3582(c)(2) under 28 U.S.C. § 994(a)(2)," or in the alternative for the Court to reduce petitioner's term of imprisonment to time served and require the BOP to terminate petitioner's supervised release. Id.

On May 9, 2024, respondent filed a motion to dismiss. (ECF No. 18.) On July 8, 2024, petitioner filed an opposition. (ECF No. 23.) Respondent did not file a reply.

On June 3, 2024, petitioner filed a motion to convert the habeas petition into a civil rights action. (ECF No. 19.) On June 7, 2024, petitioner filed a request for judicial notice in connection with his conversion motion. Pet'r's RJN.

B. Exhaustion of Administrative Remedies

Respondent argues that, contrary to petitioner's claim in his amended petition, petitioner did not exhaust his administrative remedies, and therefore there is no final order or record from BOP for this Court to review, and the amended petition should be dismissed as to both grounds for relief. Resp't's Mot. at 1 (ECF No. 18). Petitioner counters that because the exhaustion requirement is discretionary, the Court should find waiver appropriate because petitioner sent multiple emails to various administrative staff, including his case manager, unit manager, warden, and the regional office prior to seeking informal resolution yet they failed to respond directly and timely, and the administration intentionally avoided considering factor number 5 as required by 18 U.S.C. § 3621(b). Pet'r's Opp'n at 5.

The exhaustion prerequisite for filing a § 2241 petition is "is prudential, rather than jurisdictional." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may require the petitioner to exhaust his administrative remedies before proceeding in court, or may "waive the prudential

exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Id. (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, petitioner appears to concede his failure to exhaust, but asks the Court to waive the exhaustion requirement based on his email efforts to informally resolve his issues. The Court finds the prudential exhaustion requirement should be waived, but for a different reason. Petitioner should have exhausted the administrative remedies process while he was incarcerated, but his term of incarceration has now expired. Petitioner has been awarded FSA credits and has been released to RRC placement. Because petitioner is no longer in BOP custody, it does not appear petitioner can use the BOP's administrative remedies process. See 28 C.F.R. § 542.10(a) (explaining that the administrative remedy program "allow[s] an *inmate* to seek formal review of an issue relating to any aspect of his/her own confinement") (emphasis added). To the extent petitioner seeks his earned time credits under the FSA to reduce his supervised release term, denying his petition on exhaustion grounds would prevent him from obtaining relief for any time he has overserved. Thus, the Court recommends that the prudential exhaustion requirement be waived.

C.  Petitioner's First Ground for Relief

Respondent argues that petitioner's first ground must be dismissed because the claim lacks case and controversy because the BOP awarded petitioner 365 days of FSA earned time credits. Resp't's Mot. at 2 (citing App. at 3-4). Respondent contends that the Court must dismiss ground one for lack of Article III standing and ripeness. Id. In his opposition, petitioner reiterates his efforts to obtain early release to RRC placement. Pet'r's Opp'n at 7 (ECF No. 23). But petitioner does not dispute that after he filed this action, the BOP awarded him 365 days of FSA earned time credits, or that he has since been released to RRC placement. Id., *passim*.

The case or controversy requirement of Article III of the Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case

8

becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  This Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-41 (1937)).

Here, the record demonstrates that, contrary to petitioner's claim that the BOP had denied him FSA credits, the BOP found petitioner was assessed with a low recidivism level, was eligible for earned time credits and has a projected release date of July 4, 2025, via FSA release. Declaration of Jennifer Vickers ("Vickers Decl."), BOP paralegal specialist (App. at 3).  The July 4, 2025 projected release date is one year earlier than the projected release date petitioner claimed he was subject to in his amended petition. Am. Pet. at 10.  In addition, petitioner was awarded 365 days of FSA time credits toward early transfer to supervised release, and he earned an additional 95 days of time credits that can be applied towards community placement.  Vickers Decl. at 3-4; App. at 7-8.  Such time period comports with the 365 days of FSA time credits petitioner sought to have applied. Am. Pet. at 29.  Further, the record reflects that petitioner was transferred to RRC placement on or about July 10, 2024.  Pet'r's Ntc. (ECF No. 24).  Thus, petitioner's first ground for relief is moot and should be dismissed.

D. Petitioner's Second Ground for Relief

1. The Parties' Arguments

Respondent argues that petitioner's second ground must be dismissed because this Court has no § 2241 jurisdiction to resentence an inmate claiming retroactive application of Amendment 782. Resp't's Mot. at 2. Respondent points to the Central District's dismissal of petitioner's identical § 2241 demand for resentencing under Amendment 782, which found "[p]etitioner has not shown that he is factually innocent and that he never had the opportunity to raise his claims in [his court-of-conviction]." Id. (citing Cano v. J. Doerer, 2023 WL 8870550 (C.D. Cal. May 12, 2023)).  Therefore, respondent contends that the petition must be construed as a § 2255 motion, which must be brought in the sentencing court, the Northern District of Texas. Id.

Petitioner argues that he did not seek to be re-sentenced and maintains that his action

arises under § 2241 because he invoked the statutory authorities of 18 §§ 3621(b) and 3624(g), "requesting that factor number (5) be viewed from a novel perspective as a question of law to be determined whether 1B1.10(b)(c) is a policy statement that qualifies as a 'pertinent policy statement' to be applied in a manner consistent with 18 U.S.C. § 3621(b) and whether this administration has denied petitioner's procedural due process." Pet'r's Opp'n at 6. Petitioner argues that the BOP ignored the mandates of 18 U.S.C. § 3621(b) through its failure to consider 1B1.10 as a pertinent policy statement issued by the Sentencing Commission under 28 U.S.C. § 994(a)(2). Id. at 7-8. Petitioner explained that in his Central District petition, he "merely raised claims that Amendment 782 had been demonstrated to be applicable to reduce petitioner's term of imprisonment from 262 months to 210 months; that 210 months have been exceeded; the amended guideline range of 168-210 months was never acknowledged nor imposed upon petitioner's term, despite having filed four separate § 3582(c)(2) motions and arguing the sentencing court's abuse of discretion and bias[ed] actions," and raised the "same question of law pursuant to and under the statutory authorities that govern pre-release." Id. at 4.

2. Jurisdiction

Generally, a petition brought under 28 U.S.C. § 2241 is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a motion brought under 28 U.S.C. § 2255. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012).

Under § 2255(e), a "savings clause" or "escape hatch" exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate that the remedy available under § 2255 was "inadequate or ineffective to test the legality of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007). This is a narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the prisoner to show that his

§ 2255 remedies are inadequate or ineffective. See, e.g., Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241. Stephens, 464 F.3d at 897; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent the successive motion provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by bringing § 2255 claims in a § 2241 petition).

3.  Discussion

Here, petitioner does not claim actual innocence for the crimes of conviction -- conspiracy to possess with intent to distribute and possession with intent to distribute five kilograms or more of cocaine. This alone precludes petitioner from availing himself of the escape hatch clause of § 2255 because he is required to demonstrate actual innocence *and* that he was denied an unobstructed procedural shot at presenting his claim. See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012); Stephens, 464 F.3d at 898.

But petitioner also fails to demonstrate that he did not have an unobstructed procedural shot at presenting his claim to the sentencing court. Indeed, as the history of petitioner's litigation in the sentencing court confirms, he cannot demonstrate that he did not have an unobstructed procedural shot at seeking a reduction in his sentence based on Amendment 782. Although his first § 2255 motion was filed and denied prior to 2014, the year the amended Sentencing Guidelines were adopted, petitioner later filed four separate motions for reduction in sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782, all of which were denied by the sentencing court, and two appeals were denied by the Fifth Circuit.[8] United States v. Cano, Case No. 1:06-CR-0007 (App. at 59-62 (ECF Nos. 162, 171, 173, 175, 177, 186)). The record amply

---

[8] The record confirms that the sentencing court exercised its discretion by considering petitioner's *eligibility* for further reduction in sentence based on Amendment 782, but because of petitioner's criminal history, offense conduct and post-conviction conduct, the sentencing court found that petitioner's 262 month sentence on each of two counts to run concurrently was fair, stating: "the defendant shall not be granted a further reduction in his sentence." United States v. Cano, Case No. 1:06-CR-0007 (App. at 59 (ECF No. 162)). While petitioner is correct that at re-sentencing, his sentencing guidelines range was reduced because he was no longer identified as a career offender, the sentencing court apparently found any further reduction inappropriate given the factors identified in his order denying the motion.

11

shows that petitioner had an opportunity to seek a reduction in his sentence based on Amendment 782.

Petitioner argues that various federal statutes apply in his effort to require the BOP or this Court to use Amendment 782 to release him from supervised release now. But although petitioner contends he is not seeking a reduction in sentence, petitioner was sentenced to 262 months, and any efforts to apply a 210 month sentence as provided in Amendment 782 would be a reduction in sentence, which only the sentencing court can do. It is well settled that actions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must be brought before the sentencing court, not the custodial court. See United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995) (a "motion under § 3582(c)(2) is undoubtedly 'a step in the criminal case'" to be considered by the sentencing court); Mitchell v. Warden, 2020 WL 5111209, at *2 (C.D. Cal. Aug. 27, 2020) ("A motion under § 3582(c) to modify a prison term . . . must be addressed to the sentencing court.").

Further, as argued by respondent, Amendment 782 does not provide § 2241 savings clause jurisdiction. Jones v. Hendrix, 599 U.S. 465, 469 (2023). In Jones, the Supreme Court held that the "limitation on second or successive motions [does not] make[ ] § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241."[9] Jones, 599 U.S. at 470. The high court explained that the savings clause in § 2255(e) "cover[s] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." Id. at 474; see also id. at 478 ("After AEDPA, as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."). The Supreme Court provided two examples of such

---

[9] In reaching their conclusion in Jones, the Supreme Court concluded: "the best interpretation is the straightforward one. Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving[s] clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." Jones, 599 U.S. at 477-80 (citations omitted).

unusual circumstances: the dissolution of the sentencing court, or where the prisoner is unable to be present at the hearing. Id. at 474-75 (collecting cases). Petitioner identifies no such unusual circumstances, and review of the record supplies none. Rather, the record reflects petitioner was able to seek application of Amendment 782 in the sentencing court through multiple motions to reduce his sentence. United States v. Cano, Case No. 1:06-CR-0007 (App. at 59-62 (ECF Nos. 155, 156, 172, 176)).

Finally, to the extent petitioner is attempting to seek immediate termination of custody because the BOP's failure to reduce the length of his sentence pursuant to Amendment 782 violated his constitutional rights, such claim was already addressed by a different court. Cano v. J. Doerer, 2023 WL 8870550 (App. at 71). The Central District court determined that such challenge was a disguised § 2255 motion because petitioner was challenging the constitutionality of his 262-month sentence in light of Amendment 782, and he failed to demonstrate his actual innocence or that he lacked an unobstructed procedural shot to bring his claim in the sentencing court. Id. (App. at 78-80). Thus, the petition must be construed as a § 2255 motion, not a habeas petition under § 2241, and must be brought in the sentencing court, the Northern District of Texas. Id. (App. at 80).

Because petitioner failed to satisfy the savings clause of § 2255, the Court lacks jurisdiction over petitioner's second ground filed under § 2241, and ground two must be construed as a motion under § 2255, which must be filed in the sentencing court, the Northern District of Texas.

E.  Conclusion

For all of the above reasons, the Court finds that respondent's motion to dismiss should be granted. Although petitioner's failure to exhaust should be waived, petitioner's first ground is moot, and the Court lacks jurisdiction over petitioner's second ground raised in the § 2241 amended petition because it challenges the legality of his sentence and therefore must be construed as a § 2255 motion. Petitioner has not been granted leave by the Fifth Circuit Court of Appeals to file a second or successive § 2255 motion; therefore, it would be futile to transfer this action to the sentencing court in the Northern District of Texas for consideration of petitioner's

second ground as a § 2255 motion.

III. MOTION TO CONVERT TO A FEDERAL CIVIL RIGHTS ACTION

Petitioner seeks leave to convert his habeas petition into a federal civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Pet'r's Motion to Convert ("Conv. Mot.") (ECF No. 19); see also Pet'r's Opp'n at 12. A request for judicial notice accompanied the conversion motion. (ECF No. 20.)

Because the amended petition may not be considered on § 2241 habeas review, the Court considers whether to construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a federal civil rights complaint).[10] "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

Here, the amended petition is not amenable to conversion on its face. Petitioner does not name the correct defendants or the correct relief.[11] In the request for judicial notice filed in support of his conversion motion, petitioner claims he provided the BOP with "Court documents" filed in Case No. 1:06-cr-0007, that probation calculated and recommended an "amended guidelines range" of between "168 to 210 months" pursuant to Amendment 782, 788 and

---

[10] Wilwording was superseded by statute on other grounds, Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71, as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006),

[11] To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. at 390, 397 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228, 243-44 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14, 20 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 582 U.S. 120, 134 (2017) (citations omitted).

U.S.S.G. § 1B1.10(b)(1).[12] (ECF No. 20 at 2-3.) But the record shows that petitioner is serving a sentence of 262 months, not 210 months, and his multiple efforts to have the sentencing court reduce his sentence were denied. In addition, petitioner's circumstances have changed since the amended petition was written; indeed, petitioner has been granted FSA credits and released to RRC placement. Thus, the Court cannot construe petitioner's § 2241 motion as a federal civil rights complaint, and his motion to convert his habeas petition (ECF No. 19) should be denied.

IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to take judicial notice (ECF No. 20) is partially granted.
2. Petitioner's motion to expedite this action (ECF No. 10 at 28-34) is denied.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted;
2. Petitioner's motion to convert this action into a civil rights action (ECF No. 19) be denied; and
3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

///

---

[12] Petitioner cites "782 worksheet, Appendix" without a date or page number. Id. at 2. A search of the Appendix reflected no document bearing that title. Thus, petitioner's request for judicial notice is partially granted, with the exception of his reference to the "782 worksheet." The Court cannot take notice of a court document that was not provided.

Dated:  December 4, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cano2216.mtd.2241